UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60399-CIV-UNGARO
MAGISTRATE JUDGE P.A. WHITE

DEMETRIUS CALHOUN,        :

    Plaintiff,        :

v.        :        <u>REPORT</u>
                             <u>OF MAGISTRATE JUDGE</u>
DETECTIVE EDDIE GRANT,        :

    Defendant.        :
_____

## I. Introduction

The plaintiff, Demetrius Calhoun, currently housed at the South Florida Reception Center, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983 for monetary damages and other relief. [DE #1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part, as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>                     *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

```
              *   *   *
   (B) the action or appeal --

              *   *   *

   (i)  is frivolous or malicious;

   (ii) fails to state a claim on which
        relief may be granted...
```

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  <u>Twombly</u> applies to §1983 prisoner actions.  <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  <u>Id.</u>  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

    A.   <u>Statement of Claims</u>

On October 29, 2008, the Broward County Sheriff's Office, accompanied by a film crew recording for television, conducted a drug bust operation. The plaintiff alleges that Detective Eddie Grant made a false statement indicating that illegal contraband

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

3

found during the operation belonged to the plaintiff, and the statement was aired on National television. The plaintiff was not charged with the cannabis and on January 31, 2011, the cocaine rock was suppressed. The plaintiff claims libel, malpractice and intentional infliction of emotional distress.

B. Analysis

Libel Claim, malpractice and emotional distress

The plaintiff alleges that Detective Grant defamed him when his statements incriminating the plaintiff were aired on National television. Although libel is actionable under the laws of most states, it is not a constitutional deprivation that may be raised in a §1983 action, even against a state actor. See, e.g. Siegert v. Gilley, 500 U.S. 226 (1991); Von Stein v. Brescher, 904 F.2d 572, 580-81, 584 (11 Cir. 1990).

Secondly, research at the Florida Department of Corrections website indicates that the plaintiff may have not been convicted of all of the charges arising from the October 29, 2008 police operation, but he was convicted of cocaine possession and obstruction of a criminal investigation. It is therefore doubtful that the plaintiff's state cause of action could be successful.

Further, the plaintiff's claim of malpractice and intentional infliction of emotional distress are also not viable constitutional claims in §1983 cases. See: Arceneaux v Leger, 251 Fed. Appx 826 (CA5 2007) (claims of negligence or malpractice is not conduct that amounts to a constitutional violation in §1983).

Generally, if all federal claims are eliminated before trial, the pendent state claims should be dismissed. <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966).  When all federal claims are resolved, it is neither unfair nor inconvenient to the parties to require the plaintiff to pursue his state law claims in state court. <u>Fiscus v. City of Roswell</u>, 832 F.Supp. 1558, 1564-65 (N.D.Ga. 1993)(court declined to retain supplemental jurisdiction over state law claims of intentional infliction of emotional distress, false imprisonment and false arrest after summary judgment for defendants on federal claims of Fourth, Eighth and Fourteenth Amendment violations). <u>See also</u> <u>Brown v. Masonry Products, Inc.</u>, 874 F.2d 1476 (11 Cir. 1989), <u>cert. denied</u>, 493 U.S. 1087 (1990) (after summary judgment for defendants on all federal claims, the district court was well within its discretion to dismiss state claims because of lack of pendent jurisdiction).

In this case, there are no pending federal claims, and the Court lacks pendant jurisdiction as to all of the plaintiff's state claims which should accordingly be dismissed.

### III. <u>Conclusion</u>

Based on the foregoing, it is therefore recommended that this complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 29th day of March 2011.

                                                            UNITED STATES MAGISTRATE JUDGE

cc:   Demetrius Calhoun, <u>Pro Se</u>
       DC#L51314
       South Florida Reception Center
       Address of record